

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. L. Kuykendall, Chairman
Board of Examiners
Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-1437
Re: Special fund for Board of
Examiners Division, Depart-
ment of Education.

We are in receipt of your letter of September 13,
1939, which is, in part, as follows:

"If you will refer to page fifty-
six of Senate Bill Number 427, under
Board of Examiners Division, you will
find this wording: 'Subject to the
limitations set forth in the provisions
appearing at the end of this Act, all
balances now on hand and all current
fees collected from applicants for
teachers' certificates are hereby ap-
propriated for the purpose of paying all
of the salaries and expenses of this
division, as itemized, for the fiscal
years ending August 31, 1940 and August
31, 1941.' It seems to me that this
provision makes it necessary that our
fees be deposited in a special fund,
rather than in the general fund as we
find them at the present time. Under
the present set-up, certificate fees
are placed in the general fund and all
warrants drawn in favor of the Board of
Examiners Division are paid from the gen-
eral revenue.

"I shall appreciate an opinion con-
cerning this matter at your earliest con-
venience."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The following statutory provisions relate to the collection of the fees to which you refer:

"Article 2879:-- Any person desiring to be examined for a teacher's certificate shall make application to the County Superintendent,-* * *. After investigation, the County Superintendent shall give the applicant a written recommendation to the County Board of Examiners, requiring them to examine the applicant for a certificate * * *; but no person shall receive such recommendation without first depositing with the County Superintendent the sum of $4.00 as an examination fee, and the recommendation given by the County Superintendent shall show the receipt of said fee. The County Board of Examiners shall not permit any person to enter the examination who does not first present the written recommendation of the County Superintendent. * * * *.* The County Superintendent shall forward promptly to the State Superintendent, all papers of applicants applying for State Certificates, these to be submitted to the State Board of Examiners, * * * with a fee of $2.00 from the fee paid to him by each of the applicants applying for State Certificates.

"Article 2881:-- The State Board of Examiners shall, at their next meeting after receipt of said papers and reports, together with the fees, examine the papers and shall make a report to the State Superintendent * * * *.

"Article 2888:-- * * * The State Board of Examiners in the State Department of Education shall on application of institutions in Texas, to be recognized as junior colleges, * * * * make investigation * * * * and shall make recommendations * * * *. Any school applying for approval under this act shall pay a fee of $25.00. Each applicant for teachers' certificate based on college credentials from Junior Colleges, * * *, shall pay a fee of $1.00 to cover the expenses of inspection and

Honorable C. L. Kuykendall, Page 3

standardization of approved colleges and
of recording and issuing the certificate.

"Article 2891a:-- Any person holding
a teachers' certificate * * * * shall have
the right to have such certificate revived
and continued in force for a period of one
year by taking three courses or subjects
and passing in same * * * *. Upon success-
fully passing such three courses or subjects,
* * * * such teacher's certificate * * * *
upon payment of $1.00 by the holder, shall
be renewed and continued for one year * * *."

Article 2889a also provides for fees for special
and emergency certificates.

In conference opinion No. 3012, dated February 3,
1938, addressed to the Honorable Tom C. King, State Auditor,
appearing in Attorney General's Reports 1936-1938, page 137,
this Department ruled that the fees to which you refer are
"state funds" or "public moneys" and are required to be de-
posited in the State Treasury to be withdrawn upon warrants
properly drawn by the Comptroller. It was also held in that
opinion, in answer to the direct question, that such fee should
be deposited to the account of the General Revenue Fund, and
not in any special fund. In answering the questions propounded
the Department considered the provisions of the Departmental
Appropriation Bill 45th Legislature, General and Special Laws
of Texas, 1937, Regular Session, page 1418, which reads as fol-
lows:

"Board of Examiners Division.

"It is hereby provided that amounts
for the salaries of all persons engaged in
the examination and certification of ap-
plicants for teachers' certificates and for
other expenses incident thereto shall never
exceed the amount of the prior year's bal-
ances of fees collected from applicants for
certificates plus current fees collected, and
that not exceeding the following amounts per
year for salaries shall be paid to the fol-
lowing members and employees of said Board:
$3,000.00 to the Chairman-Member; $2,750.00

Honorable C. L. Kuykendall, Page 4

> to the College Examiner-Member; $1,800.00
> to the Secretary-Member; $1,600.00 to the
> Certificate Clerk; and all other help at
> the rate not exceeding $112.50 per month;
> also $3,000.00 each year for maintenance,
> equipment, travel and contingent expense;
> and said balances and fees are hereby ap-
> propriated for the purposes of paying
> said salaries and expenses for each of the
> two fiscal years ending August 31, 1938,
> and August 31, 1939."

The current departmental appropriation for the Board
of Examiners Division, Department of Education, Senate Bill
No. 427, 46th Legislature, contains an itemized appropriation
for salaries and other items of expense with the provision
that such items shall be "Paid out of Board's Fees". The Bill
then contains the following rider:

> "Subject to the limitations set forth
> in the provisions appearing at the end of
> this act, all balances now on hand and all
> current fees collected from applicants for
> teachers' certificates are hereby appropriat-
> ed for the purpose of paying all of the sal-
> aries and expenses of this division as item-
> ized for the fiscal years ending August 31,
> 1940, and August 31, 1941."

We find no provision in the general law which would
authorize or require the Comptroller to create a special fund
for the fees collected by the Board of Examiners Division,
nor do we think that the fact that such fees are appropriated
to the division would authorize or require the creation of a
special fund. Insofar as is material here the appropriation
for the Board of Examiners Division by the 45th Legislature
which was considered in our former conference opinion, is sub-
stantially the same as that made by the 46th Legislature.

It is our opinion that the Comptroller is not author-
ized or required to deposit the fees collected by the Board of
Examiners Division of the Department of Education in a special
fund, but such fees should be deposited in the general revenue
fund, and withdrawn upon proper warrant issued by the Comp-
troller.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Cecil C. Cammack*

       Cecil C. Cammack
         Assistant

CCC:RS

APPROVED OCT 13, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY **BWB**
CHAIRMAN